907 F.2d 1227
 285 U.S.App.D.C. 221
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Paul HOCH, Appellant,
v.
CENTRAL INTELLIGENCE AGENCY.
 No. 88-5422.
 United States Court of Appeals, District of Columbia Circuit.
 July 20, 1990.
 
 Before STEPHEN F. WILLIAMS and Sentelle, Circuit Judges, and SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case occasions no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the decision of the district court is affirmed for the reasons set forth in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Paul Hoch, pursuant to the Freedom of Information Act (FOIA),[1] persists in his quest for copies of CIA records pertaining to the assassination of President John F. Kennedy. In response to Hoch's FOIA requests, the CIA released 198 documents, totaling 808 pages,[2] but withheld, in part or entirely, documents that fell "in one or both of the following categories: (a) intelligence activities, sources and methods ... and/or (b) foreign relations or foreign activities of the United States."[3] The CIA invoked Exemptions 1, 3, 5, 6, and 7 in withholding these documents,[4] and the District Court entered summary judgment in favor of the agency on most issues.[5] On appeal, Hoch renews many of the challenges he made in District Court.[6] We find no reason to disturb the District Court's conclusions, and affirm largely for the reasons stated in the District Court's opinion and supplemental order.[7] We do, however, find cause to elaborate on the District Court's permitting the CIA to withhold parts of Document No. 1648-452-C (Document 1648).[8] Hoch argues that the entire document should be released since the information in the withheld parts has already been revealed by congressional committees and the media. We disagree.
 
 
 5
 As an initial matter, we can ignore the contents of the media sources, as clear precedent establishes that courts will not compel the CIA to disclose information even though it has been the subject of media reports and speculation.[9] Media sources are disregarded on two theories. First, absent official confirmation, some doubt always remains no matter how accurate and trustworthy the media may seem.[10] Second, even when all parties are absolutely certain of the facts, official confirmation could have adverse diplomatic consequences.[11]
 
 
 6
 We cannot so easily disregard the disclosures by congressional committees.[12] As Hoch notes, in Fitzgibbon v. CIA,[13] the district court held that such disclosures are official because the CIA cannot have "greater official status as an arm of the United States government than the United States Senate."[14] This circuit has never squarely ruled on this issue, but we need not do so to decide this case. The disclosures by the congressional committees did not purport to be official acknowledgements as to any of the information Hoch seeks.
 
 
 7
 The CIA has resisted disclosing the deleted parts of Document 1648 on the grounds that the information could identify confidential sources or methods.[15] The context of the deletions within Document 1648 indicates that the dispute is primarily over the name of "a man highly placed in the Castro government."[16] In fact, however, the Senate Report never revealed the identity of any such CIA Cuban source and the House Report made crystal clear that the committee could not determine the identity either.[17] Thus nothing in the record of congressional disclosures, even if they were treated as official, undermines the basis for withholding the redacted words and phrases.
 
 
 8
 * * *
 
 
 9
 * * *
 
 The judgment of the District Court is
 
 10
 Affirmed.
 
 
 
 [1]
 5 U.S.C. Sec. 552(a) (1988)
 
 
 [2]
 Affidavit of Louis J. Dube, the Information Review Officer for the Director of Operations of the CIA, Hoch v. CIA, Civ. Action No. 82-0754, 6, p 4, Joint Appendix (J.A.) 40 (D.D.C. filed July 22, 1982) (Dube Affidavit)
 
 
 [3]
 Dube Affidavit at 10, p 10, J.A. 44. Hoch's counsel surmised that the CIA had partially or entirely withheld approximately 97 documents. See Affidavit of James H. Lesar, Hoch v. CIA, Civ. Action No. 82-0754, p 3, J.A. 69 (D.D.C. filed Nov. 9, 1982)
 
 
 [4]
 See 5 U.S.C. Secs. 552(a)(1), (3), (5), (6), (7)
 
 
 [5]
 See Hoch v. CIA, 593 F.Supp. 675 (D.D.C.1984) (opinion), and Hoch v. CIA, Civ.Action No. 82-0754, order at 2, J.A. 431 (D.D.C. Sept. 30, 1988) (supplemental order)
 
 
 [6]
 Hoch argues that the agency's affidavits for the withheld documents were conclusory, vague, and contradicted by evidence in the record. He also charges the CIA with bad faith evidenced by the six-year delay in releasing documents to him and its decisions to withhold intelligence sources as well as portions of Document No. 1648-452-C, which allegedly had been already released to the public by Congress. Lastly, he attacks the District Court's denial of his requests for supplemental Vaughn indices and for discovery
 
 
 [7]
 See note 5, supra
 
 
 [8]
 Document 1648 initially was withheld entirely, but later, upon learning that portions of it had been provided to another requester, the CIA disseminated those previously released portions to Hoch. See Declaration of Louis J. Dube, Hoch v. CIA, Civ.Action No. 82-0754, 5-6, J.A. 216-17 (D.D.C. filed Sept. 10, 1984)
 
 
 [9]
 See Afshar v. Department of State, 702 F.2d 1125, 1130 (D.C.Cir.1983) ("even if a fact ... is the subject of widespread media and public speculation, its official acknowledgment by an authoritative source might well be new information that could cause damage to the national security."); Military Audit Project v. Casey, 656 F.2d 724, 744 (D.C.Cir.1981)
 
 
 [10]
 See Military Audit Project, 656 F.2d at 744-45
 
 
 [11]
 See Afshar, 702 F.2d at 1130-31 & n. 7
 
 
 [12]
 Hoch relies on discussions in S.Rep. No. 465, 94th Cong., 1st Sess., 71-91, J.A. 299-310 (1975) (Senate Report), and H.R.Rep. No. 1828, Pt. 2, 95th Cong., 2d Sess. 107-17, J.A. 284-95 (1979) (House Report)
 
 
 [13]
 Fitzgibbon v. CIA, Civ.Action No. 79-0956 (D.D.C. May 19, 1989) (memorandum) (Addendum 2 to Brief for Appellant), aff'd without opinion Fitzgibbon v. Dep't of State, No. 89-5212 (D.C.Cir. Dec. 18, 1989) (order)
 
 
 [14]
 Id. at 18
 
 
 [15]
 Second Declaration of Louis J. Dube, Hoch v. CIA, Civ.Action No. 82-0754, 2-4, J.A. 322-24 (D.D.C. filed Nov. 13, 1984)
 
 
 [16]
 Document 1648 at 8, J.A. 225, attached as exhibit to Declaration of Louis J. Dube, Hoch v. CIA, Civ.Action No. 82-0754 (D.D.C. filed Sept. 10, 1984)
 
 
 [17]
 See Senate Report at 86-90, J.A. 308-10; House Report at 113, J.A. 291